**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

LUCAS ALCALA on behalf of himself and others similarly situated,

    Plaintiffs,

vs.

**COLLECTIVE ACTION COMPLAINT**

NPEE L.C. d/b/a National Police Ammunition, a Florida limited liability company, ANDREW SERAFINE, an individual, and ERIK AGAZIM, an individual.

    Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff LUCAS ALCALA ("Plaintiff") on behalf of himself and others similarly situated, who were employees of Defendants NPEE L.C. (a Florida limited liability company), ANDREW SERAFINE (an individual), and ERIK AGAZIM (an individual) (together, "Defendants"), and files this Collective Action Complaint for unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

**I.**    **NATURE OF THE CASE**

1. Plaintiff was an employee of the Defendants at their factory, National Police Ammunition, located at 451 E. 10th Court, Hialeah, FL 33010. Plaintiff worked for Defendants from August 2018 to October 2020 as a Warehouse Associate.

2. Plaintiff's duties involved manufacturing, shipping, and assembling ammunition.

3. Plaintiff was not paid the overtime rate for overtime hours worked. Plaintiff seeks damages for both himself and other employees who were similarly situated to him.

4. Pursuant to the FLSA, Plaintiff and the proposed <u>FLSA Class Members</u> were subjected to similar violations of the FLSA. The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

> All persons who worked for Defendants as Warehouse Associates during the three (3) years preceding this lawsuit and were not paid the overtime rate for overtime hours worked, for one or more weeks during the Relevant Time Period.

5. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

6. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and their related and affiliated entities.

### I. JURISDICTION AND VENUE

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' factory is situated in this District; and because most, if not all, of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff and FLSA Class Members' federal question claims.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II.    PARTIES

9. Plaintiff LUCAS ALCALA is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. Plaintiff Alcala was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e). Plaintiff consents to participate in this lawsuit.

10. Plaintiff and the proposed FLSA Class Members were subjected to similar violations of the FLSA for the three years preceding the filing of this lawsuit ("FLSA Relevant Time Period").

11. Defendant NPEE L.C. is a limited liability company that has owned and operated an ammunition factory, National Police Ammunition, located at 451 E. 10th Court, Hialeah, FL 33010.

12. Defendant ANDREW SERAFINE ("Serafine"), an individual and *sui juris*, was an owner, manager and employer at NPEE L.C. d/b/a National Police Ammunition ("NPA Factory"), the factory at which Plaintiff was employed. Serafine acted directly and indirectly in the interest of NPA Factory. Seraphine managed NPA Factory and had the power to direct employees' actions.  Serafine had management responsibilities, degree of control over NPA Factory's financial affairs and compensation practices and was in a position to exert substantial authority over policies relating to employee wages and whether to compensate (or not to compensate) employees at the factory in accordance with the FLSA, making Defendant Andrew Serafine an employer pursuant to 29 USC § 203(d).

13. Defendant ERIK AGAZIM ("Agazim"), an individual and *sui juris*, was an owner, manager and employer at NPA Factory.  Agazim acted directly and indirectly in the interest of NPA Factory. Agazim managed NPA Factory and had the power to direct employees'

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

actions. Agazim had management responsibilities, degree of control over NPA Factory's financial affairs and compensation practices and was in a position to exert substantial authority over policies relating to employee wages and whether to compensate (or not to compensate) employees at the factory in accordance with the FLSA, making Defendant Erik Agazim an employer pursuant to 29 USC § 203(d).

### III.     COVERAGE

14. During all material times, Defendant NPEE L.C. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiffs and may be deemed to share control of the employees, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

16. During all material times, NPEE L.C. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. During all material times, NPEE L.C. employed two or more people.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## IV.     FACTUAL ALLEGATIONS

18. The relevant time period for this action under the FLSA is a maximum of <u>three</u> years prior to date of filing ("FLSA Relevant Time Period"). The FLSA period thus begins 3/30/2018.

19. Throughout the Relevant Time Period, the Defendants have operated an ammunition factory located at 451 E. 10th Court, Hialeah, FL 33010.

20. Plaintiff worked for Defendants from August 2018 to October 2020 as a warehouse associate and then an office assistant.

21. During the <u>FLSA</u> Relevant Time Period, the applicable <u>overtime</u> wage for FLSA Class Members was one-and-a-half times their regular rate of pay.

22. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

23. In order to purposefully avoid paying the lawful overtime rate Defendants designed and maintained the following unlawful system: The Defendants used a payroll company to pay their employees. The Defendants, however, would limit the number of hours reported to the payroll company to 80 hours for a two-week period (or 40 hours for a one-week period), regardless of how much in excess an employee worked. This was because Defendants knew that if more than 40 hours in a week period were reported to the payroll company, the overtime rate would be paid per the software used by the payroll company. The Defendants would then pay any overtime in cash, at the regular hourly rate, not the lawful overtime rate. Thus, Plaintiff was purposefully not paid the overtime rate for over-time hours worked.

24. Because of the institution and maintenance of the practice of capping hours through the payroll company at 40 hours a week and paying any overtime wages in cash at the

5

regular hourly rate, Defendants willfully engaged in practices that denied Plaintiff and Class Members their applicable overtimes wages under the FLSA.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff seeks certification of collective action from this Court, for themselves and those similarly situated, pursuant to 29 U.S.C. 216(b).

27. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, first approves conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq*.

28. "[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007), citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Accordingly, at the initial stage, courts apply a 'fairly lenient standard' for determining whether the Plaintiff are truly similarly situated." *Anderson*, at 953, citing *Mooney*, at 1214. "At the first stage (typically in response to a motion to conditionally certify made prior to discovery) the court utilizes a "fairly lenient" standard in light of the limited evidence then available." *Epps v. Oak St. Mortg., LLC,* 2006 WL 1460273, at *3 (M.D. Fla. May 22, 2006). "[A]t the second stage Plaintiff *may*—the ultimate decision rests largely within the district court's discretion—not succeed in maintaining a collective action under § 216(b) based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Id*.

6

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

29. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they were employed as Warehouse Associates at the Defendants' NPA Factory.

30. Plaintiff and those similarly situated were subjected to similar policies in that Defendants purposefully capped the hours reported to the payroll company and paid overtime hours in cash at the regular rate, not the overtime rate.

31. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> All persons who worked for Defendants as Warehouse Associates during the three (3) years preceding this lawsuit and who were not paid the overtime rate for hours worked in excess of forty hours in a workweek for one or more weeks during the Relevant Time Period.

32. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

33. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of paying all overtime wages in cash at the regular hourly rate.

34. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to work without being paid for all hours worked.

35. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning

of the FLSA as aforesaid, for one or more workweeks without compensating such employees at the overtime rate of time-and-one-half for all hours worked in excess of forty hours in a work week.

36. Thus, Defendants acted willfully by failing to pay Plaintiff, and those similarly situated, in accordance with the law.

## COUNT I
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

37. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 36 as though set forth fully herein and further alleges as follows:

38. Defendants willfully and intentionally capped the hours submitted to the payroll company and paid Plaintiff, and those similarly situated, in cash at the regular hourly rate for all overtime hours worked.

39. Defendants willfully and intentionally suffered or permitted Plaintiff, and those similarly situated, to work overtime hours without paying them the overtime rate.

40. As a direct and proximate result of forcing Plaintiff and those similarly situated to work overtime hours at the regular hourly rate, Plaintiff, and those similarly situated, have been damaged for one or more weeks of work with Defendants.

WHEREFORE Plaintiff, LUCAS ALCALA on behalf of hiumself and those similarly situated, demands the entry of judgment in his favor and against Defendants NPEE L.C. Defendants NPEE L.C., Andrew Serafine, and Erik Agazim, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked in excess of forty in a workweek at the rate of one-half times their regular rate of pay;

8

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all overtime wages owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## DECLARATION OF RIGHTS

41. Plaintiff reincorporates and re-alleges paragraphs 1 through 36 as though set forth fully herein, and further alleges as follows:

42. Plaintiff, and those similarly situated, and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also had jurisdiction over Plaintiff's, and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

43. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

44. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

WHEREFORE Plaintiff LUCAS ALCALA, and those similarly situated, demand the entry of judgment in their favor and against Defendants NPEE L.C. d/b/a National Police Ammunition, ANDREW SERAFINE, and ERIK AGAZIM, jointly and severally, as follows:

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiffs reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted this 30th day of March, 2021.

By:   **s/Lowell J. Kuvin**
Lowell J. Kuvin, Esq.
Florida Bar No.: 53072
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808

Sarah Clasby Engel, Esq.
Florida Bar No.: 991030
The Engel Firm
2665 S. Bayshore Drive, Suite 440
Coconut Grove, FL 33133
Telephone: 786-235-8419
sarah@engel-firm.com

*Attorneys for Plaintiff*

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808